```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FRANK ANNUNZIATA,

                    Plaintiff,
                                            ORDER
          -against-                         22-CV-2580(JS)(SIL)

ANTHONY FANWICK, Suffolk County
Police Officer Badge # 6486;
SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY; ROBERT WARING,
Suffolk County Police Chief;
JOHN DOE #1; and JOHN DOE #2,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Frank Annunziata, Pro Se
                    21-A-0838
                    Marcy Correctional Facility
                    9000 Old River Road
                    Box 3600
                    Marcy, New York 13403-3600

For Defendants:     No Appearances.
```

SEYBERT, District Judge:

Before the Court is the application of pro se plaintiff Frank Azzunziata ("Plaintiff"), currently incarcerated at the Marcy Correctional Facility, to proceed in forma pauperis ("IFP") in support of his civil rights Complaint filed on May 5, 2022 and brought pursuant to 42 U.S.C. § 1983 ("Section 1983") (See Compl., ECF No. 1.; IFP Application, ECF No. 2.)  On June 21, 2022, Plaintiff filed an Amended Complaint, also pursuant to Section 1983, against Suffolk County, Suffolk County Police Chief Robert

1

Waring ("Chief Waring"), Suffolk County Police Officer Anthony Fanwick ("P.O. Fanwick"), and two unnamed Suffolk County police officers ("John Doe #1" and "John Doe #2", collectively, the "John Doe Defendants").  (See Am. Compl., ECF No. 6.)  Upon review, the Court finds that Plaintiff is qualified by his financial status to proceed IFP.  Accordingly, the application to proceed IFP is GRANTED.  However, for the reasons that follow, Plaintiff has not alleged a plausible claim for relief against Suffolk County and Chief Waring.  Therefore, as set forth below, Plaintiff's Section 1983 claims against Suffolk County and Chief Waring are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Plaintiff's remaining claims against P.O. Fanwick and the John Doe Defendants shall proceed and the Court ORDERS service of the Summonses and Amended Complaint forthwith.

## BACKGROUND[1]

Plaintiff's sparse Amended Complaint alleges that, on or about June 23, 2019, he was sleeping in his vehicle when P.O. Fanwick and the John Doe Defendants approached, pulled him out of the vehicle, and threw him on the ground.  (Am. Compl. ¶ II, at 3-4.)  Plaintiff alleges that, "while on the ground John Doe #1 and John Doe #2 was kneeling on my head with my face being grinded on

---

[1] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

the black top." (Id. at 4.) According to the Amended Complaint, Plaintiff screamed that he "could not breath" and P.O. Fanwick "jumped knee first onto my back breaking ribs and sending it through my right lung causing it to collapse." (Id.) Plaintiff alleges that he was taken to Long Island Community Hospital where he was admitted and treated for broken ribs, a collapsed right lung, and abrasions on his face and arms. (See id.; see also id. ¶ II.A.) For relief, Plaintiff seeks to recover a monetary award in an "amount to be determined at a future date." (Id. ¶ III.)

## DISCUSSION

I.   Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP Application (ECF No. 2) is GRANTED.

II.  Legal Standards

   A.   Consideration of the Complaint Under 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an in forma pauperis complaint or amended complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, among other things, it is based on an

3

"indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obligated to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). "But the 'special solicitude' in pro se cases[] has its limits –- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

B. Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,

4

> privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

III. Application of 28 U.S.C. § 1915

    A.   Claims Against Suffolk County

It is well-established that a municipality, like Suffolk County, cannot be held liable under Section 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691 (1978); Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 98 (2d Cir. 2020) ("Monell expressly prohibits respondeat superior liability for municipalities" (citations omitted)). Rather, to state a claim against a municipality under Section 1983, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." Tafolla v. County of Suffolk, No. 17-CV-4897, 2021 WL 3675042, at *10 (E.D.N.Y. Aug. 19, 2021) (Seybert, J.) (quoting Littlejohn v. City of N.Y., 795 F.3d 297, 314 (2d Cir. 2015)). To establish the

5

existence of a municipal policy or custom, the plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread as to practically have the force of law or that was so manifest as to imply the constructive acquiescence of senior policymaking officials; or (4) that a policymaking official exhibited deliberate indifference to constitutional deprivations caused by subordinates.

Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *3 (E.D.N.Y. May 18, 2021) (Seybert, J.) (cleaned up).

Here, as is readily apparent when liberally construing the bare-boned Amended Complaint, there are no factual allegations that a municipal policy or custom existed which caused the alleged constitutional deprivation. (See Am. Compl., in toto.) Thus, Plaintiff has not alleged a plausible Section 1983 claim against Suffolk County. Therefore, as the Defendant Suffolk County, pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b), the Amended Complaint is DISMISSED WITHOUT PREJUDICE.

B.   Claims Against Chief Waring

To state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional

6

deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). In Iqbal, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Chief Waring as a Defendant in the caption of his Amended Complaint, Plaintiff includes no factual allegations of conduct or inaction attributable to Chief Waring. (See Am. Compl., in toto.) Indeed, Chief Waring is not mentioned at all in the body of the Amended Complaint. (See id.) To the extent Plaintiff seeks to impose Section 1983 liability on Chief Waring given the supervisory position he holds, the Second Circuit has made clear that there is "no special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 616 (2d Cir. 2020). Rather, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Id. at 620; see also Holloway v.

7

Toulon, No. 21-CV-5011(JS)(JMW), 2022 WL 836924, at *5 (E.D.N.Y. Mar. 21, 2022) (dismissing Section 1983 claims against a supervisor in the absence of any factual allegations against him).

Accordingly, in the absence of any allegations against Chief Waring in the Amended Complaint, Plaintiff's Section 1983 claim against Chief Waring is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

C. Claims Against P.O. Fanwick and the John Doe Defendants

Though the allegations against P.O. Fanwick and the John Doe Defendants are thin, the Court declines to sua sponte dismiss Plaintiff's Section 1983 claims against those Defendants at this early stage in this proceeding. Accordingly, service of the Summonses and Amended Complaint by the United States Marshals Service ("USMS") upon P.O. Fanwick and the John Doe Defendants is warranted. However, without more information about John Doe #1 and John Doe #2, the USMS will not be able to effect service of the Summonses and the Amended Complaint on the John Doe Defendants.

More specifically at to the John Doe Defendants: Since the Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants, see Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997), the Clerk of the Court is directed to serve a copy of the Amended Complaint, together with this Order, upon the Suffolk County Attorney. Upon said service,

8

the Suffolk County Attorney is requested to attempt to ascertain the full names of the two unidentified John Doe Defendants described in the Amended Complaint as allegedly having interacted with Plaintiff on June 23, 2019 at approximately 4:30 p.m. in or around 700 Patchogue-Yaphank Road in Medford.  Thereafter, and within thirty (30) days of the date that this Order is served upon the Suffolk County Attorney, the Suffolk County Attorney shall provide the Court and Plaintiff with the names of and address(es) where the John Doe Defendants can be served.

Further, once the information regarding the John Doe Defendants is provided to the Court by the Suffolk County Attorney: Plaintiff's Amended Complaint shall be deemed amended to reflect the full names of these Defendants; a Summons shall be issued as to each John Doe Defendant; and the USMS are to serve each of them.[2]  The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture.  This Order merely provides a means by which Plaintiff may properly name and serve the John Doe Defendants as instructed by the Second Circuit in <u>Valentin</u>.

---

[2]  The USMS may wait to serve P.O. Fanwick until after the Suffolk County Attorney reports back to the Court regarding the names of and address(es) where the John Doe Defendants can be served.

9

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(A) Plaintiff's IFP Application (ECF No. 2) is GRANTED;

(B) Plaintiff's Section 1983 claims against Suffolk County and Chief Waring are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1);

(C) Plaintiff's remaining claims against P.O. Fanwick, John Doe #1, and John Doe #2 shall proceed and the Court ORDERS service of the Summonses and Complaint upon these Defendants by the USMS;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall:

(D) Issue Summonses and forward such Summonses and the Amended Complaint, together with this Order, to the USMS for service;

(E) Serve a copy of the Amended Complaint, together with this Order, upon the Suffolk County Attorney; and

(F) Mail a copy of this Order to the Plaintiff at his address of record and include the notation "Legal Mail" on the envelope; and

**IT IS FURTHER ORDERED** that the Suffolk County Attorney:

(G) Shall attempt to ascertain the full names of the unidentified John Doe Defendants who are alleged to have interacted with Plaintiff on June 23, 2019 at

      approximately 4:30 p.m. in or around 700 Patchogue-Yaphank Road in Medford, New York, as is described in the Amended Complaint; and

(H) within thirty (30) days of the date that this Order is served upon the Suffolk County Attorney, he shall provide the Court and Plaintiff with the names of and address(es) where the John Doe Defendants can be served.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith; therefore, IFP status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

                                      **SO ORDERED.**

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated: July _12_, 2022
       Central Islip, New York